UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 13-cr-20808 |
| Plaintiff, | HON. MARK A. GOLDSMITH |
| v. | United States District Judge |
| RANDALL W. DELLINGER, | HON. MICHAEL HLUCHANIUK |
| Defendant. | United States Magistrate-Judge |

**ORDERING REGARDING COMPETENCY**

A status conference was held on November 6, 2013, regarding this Court's order dismissing without prejudice the indictment filed in *U. S. v. Dellinger*, 12-cr-20542. (Docket entry 38). At the time of the status conference Defendant was in the custody of the Attorney General at a Bureau of Prisons facility based on this Court's order that Defendant is incompetent to stand trial. (*U. S. v. Dellinger*, 12-cr-20542; docket entry 30). Defendant's presence was waived and he was represented by appointed counsel, Elias Escobedo at the status conference. At the close of the status conference, this Court indicated that it would dissolve the stay of dismissal of the indictment in criminal case no. 12-cr-20542. A written order dissolving the stay and dismissing the indictment without prejudice was filed on November 7, 2013. (*U. S. v. Dellinger*, 12-cr-20542; docket entry 39).

The government advised the court and counsel that upon removal of the stay of the dismissal in *U. S. v. Dellinger*, 12-cr-20542, that it intended to re-indict the Defendant on similar charges.  A federal grand jury returned an indictment against Defendant on November 6, 2013.

Due to Defendant's current mental state and because he is currently being housed at a BOP medical facility, the parties agreed that it would serve no purpose to have Defendant brought back to this District for an initial appearance on the charge at this time. Therefore, pursuant to the stipulation entered on the record by counsel, necessary delay exists under Federal Rule of Criminal Procedure 5 given Defendant's current mental state.  Defendant's initial appearance on the indictment and his arraignment shall be postponed until after such time that Defendant is restored to competency or the issue regarding his mental competency is otherwise resolved.

The parties further stipulated that there has been no change in Defendant's mental health since the Court's order for commitment and treatment.  (*U. S. v. Dellinger*, 12-cr-20542; docket entry 30).   Therefore, based on the parties' stipulation, the opinion of Dr. Nixon that Defendant is unable to understand the nature and consequences of the proceedings against him and that he is unable to assist properly in his defense, and the Court's observations at prior proceedings, there is reasonable cause to believe that Defendant, Randall Dellinger continues to

suffer from a mental disease or defect rendering him mentally incompetent to stand trial at this time. As a result, the parties agree that Defendant shall remain committed to the custody of the Attorney General for further evaluation and treatment.

For these reasons and the reasons set forth on the record in *U.S. v. Dellinger,* 12-cr-20542, IT IS HEREBY ORDERED, that Defendant's personal appearance on the indictment and his arraignment shall be postponed until after resolution of all issues related to his mental competency. Attorney Elias Escobedo's appointment to represent the defendant shall continue.

IT IS FURTHER ORDERED that pursuant to 18 U.S.C. § 4241(d)(1), Defendant shall remain in the custody of the Attorney General for hospitalization, examination and treatment at a suitable facility for a reasonable period of time, not to exceed 120 days from the date of this order, for the purpose of evaluation and determining whether there is a substantial probability that in the foreseeable future defendant will attain the capacity to permit the proceedings to go forward. During the period of time authorized by this order (120 days), or such additional reasonable period of time approved by this Court, pursuant to 18 U.S.C. § 4241(d)(2), the Attorney General must advise the Court whether Defendant's mental condition has so improved to permit the proceedings to go forward or there is a substantial probability that within any additional reasonable period of time

defendant will attain the capacity to permit the proceedings to go forward. Upon receipt of a report that Defendant has attained the capacity to permit the proceedings to go forward, Defendant will be returned immediately to this Court for a status conference and further determination as to defendant's competency.

The parties shall appear for a status conference on Tuesday, March 4, 2014 at 9:30 a.m.

Dated:   December 3, 2013  	s/Mark A. Goldsmith  
        Flint, Michigan  	MARK A. GOLDSMITH  
                            United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 3, 2013.

                                              s/Deborah J. Goltz  
                                              DEBORAH J. GOLTZ  
                                              Case Manager